JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1632 PA (MANx) | Date | March 11, 2015 |
|---|---|---|---|
| Title | Guadalupe Jaramillo v. Ramona Nursing & Rehabilitation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant North American Health Care, Inc. ("NAHC") on March 5, 2015. NAHC seeks to remove the Complaint filed by plaintiff Guadalupe Jaramillo ("Plaintiff") in Los Angeles Superior Court. NAHC asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1334 for cases arising under or related to Title 11 of the United States Code for bankruptcy cases. According to the Notice of Removal, NAHC and a related entity, Carmichael Care, Inc., which is not named as a defendant in in Plaintiff's Complaint, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California on February 6, 2015.[1]

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

According to NAHC, Plaintiff's Complaint, which alleges various state law claims for employment discrimination, "is a 'core proceeding' under at least 28 U.S.C. §§ 157(b)(2)(A), (B), (C) and (O), because the Jaramillo Action seeks, among other things, a determination of the claims against the Debtors' estates, the disposition of assets of the Debtors' estates, and the adjustment of the debtor-creditor or equity security holder relationship." (Notice of Removal ¶ 10.). "[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." In re Harris Pine Mills, 44 F.3d 1431, 1435 (9th Cir. 1995). "Core proceedings arising in title 11 are matters 'that are not based on any right expressly created by title 11, but nevertheless, would

---

[1]   The case numbers for the two bankruptcy proceedings are 8:15-bk-10610-MW and 8:15-bk-10612-MW.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1632 PA (MANx) | Date | March 11, 2015 |
|---|---|---|---|
| Title | Guadalupe Jaramillo v. Ramona Nursing & Rehabilitation, et al. | | |

have no existence outside of the bankruptcy.'"  Schultze v. Chandler, 765 F.3d 945, 948 (9th Cir. 2014) (quoting In re Harris Pine Mills, 44 F.3d at 1435).

  Plaintiff's state law employment discrimination claims were not created by, nor do they rely upon bankruptcy law.  Moreover, despite the Notice of Removal's conclusory allegations to the contrary, Plaintiff's action is not a "core" proceeding under §§ 157(b)(2)(A), (B), (C), or (O).  For purposes of § 157(b)(2)(A), "core" proceedings include "matters concerning the administration of the estate."  Plaintiff's pre-petition claim for personal injury damages based on allegations of employment discrimination does not concern the administration of the bankruptcy estate.  Section (b)(2)(B) and (b)(2)(O) both except "personal injury tort or wrongful death claims" from their definitions of "core" proceedings.  Section 157(b)(2)(C) involves "counterclaims by the estate against persons filing claims against the estate."  However, because Plaintiff's Complaint is not a counterclaim brought by the estate, § 157(B)(2)(C) does not apply.  The Court therefore concludes that Plaintiff's Complaint is a noncore proceeding that is, at most, "related to" a case arising under title 11 over which "district courts shall have original but not exclusive jurisdiction."  28 U.S.C. § 1334(b).

  Section 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334.  Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] or by the Supreme Court."  Id.  Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . .  At bottom, the question is committed to the sound discretion of the . . . judge."  McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

  In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1632 PA (MANx) | Date | March 11, 2015 |
|---|---|---|---|
| Title | Guadalupe Jaramillo v. Ramona Nursing & Rehabilitation, et al. | | |

     Here, Plaintiff's Complaint raises only state law claims over which this Court would otherwise lack jurisdiction and that the Los Angeles Superior Court is best equipped to resolve.  This is particularly true given the existence of non-debtor defendants and the minimal apparent disruption a single plaintiff employment discrimination claim should pose to the administration of a bankruptcy case involving a debtor entity that, according to the Notice of Removal, provides services to 36 facilities.  The Court therefore concludes that the equities tip sharply in favor of remanding this action to Los Angeles Superior Court.  See 28 U.S.C. § 1452(b).

     For all of the foregoing reasons, this Court exercises its discretion to remand this action to Los Angeles Superior Court, Case No. BC 567286.  See 28 U.S.C. § 1452(b).

     IT IS SO ORDERED.